# Case Management Checklist

Case Name and Number:    *Thermo Fisher Scientific Inc.*, et al. *v. Agilent Techs., Inc.*, C.A. No. 17-600-LPS-CJB

Counsel

| | |
|---|---|
| Lead Counsel for Thermo Fisher | Matthew J. Becker, Jason Murata<br>AXINN, VELTROP & HARKRIDER LLP |
| Delaware Counsel for Thermo Fisher | David M. Fry<br>SHAW KELLER LLP |
| Lead Counsel for Agilent | Mark Reiter, Brian M. Buroker<br>GIBSON DUNN & CRUTCHER LLP |
| Delaware Counsel for Agilent | Stephanie E. O'Byrne<br>POTTER ANDERSON & CORROON LLP |

Meet and Confer

Counsel have met and conferred and have made good faith efforts to discuss, in person and/or by telephone, each of the topics listed in the Checklist below, and will be prepared to address these topics at the Case Management Conference ("CMC").

Discovery

- What are the core technical documents?

- Does any party intend to request production of electronic mail? If so, why? How many custodians should be searched? What methods will be used to search for electronic documents (e.g., key word searches, predictive coding)?

- How can the Court best assist the parties to provide meaningful interrogatory responses to avoid discovery disputes over the adequacy of such responses?

- If source code is going to be produced, when, where, and how will it be made available?

Claim Construction

- What are the 1 or 2 most important claim terms requiring construction?

- Should the Court consider a "super-early" limited claim construction heating on those most important terms?

- What is the maximum number of claim terms the parties will ask the Court to construe?

- How can the parties help the Court achieve its goal of ruling on claim construction disputes within 60 days of the claim construction hearing?

Narrowing the Case

- At what point(s) in the case will it be appropriate to limit/reduce the number of accused devices/functionalities, asserted patents, asserted claims, invalidity defenses (including obviousness combinations), and prior art references?

- Are there products that are not colorably different than the currently-accused products that Plaintiff expects or Defendant should expect will be added to the case?

- Should damages or any other portion of the case be bifurcated?

Related Cases

- What related cases are pending, in any Court, and what is their filing date and current status?

- Does Plaintiff plan to file additional related cases and, if so, on what schedule and how should that plan affect how this case will proceed?

- Has any patent-in-suit been litigated before and how soon is Plaintiff willing to produce the results of any such litigation, including settlement agreements?

Remedies

- What initial revenue/sales information does Plaintiff need to assess the value of the case and how soon is Defendant willing to produce such information?

- What type of relief is Plaintiff seeking: lost profits, reasonable royalties, injunction, and/or any other form of relief?

- What does Plaintiff contend is the "smallest saleable unit"?

- Has the patent been licensed or offered for any license and how soon is Plaintiff willing to produce licensing information?

Amendments

- What will be the deadline for proposed amendments to the pleadings, including adding allegations of indirect and/or willful infringement as well as inequitable conduct?

- What will be the deadline for adding or altering the accused devices/functionalities, asserted claims, and prior art?

Supplementation

- Will expert declarations/affidavits be permitted to be filed with case-dispositive and other motions, without other parties' agreement or leave of the Court?

- What will be the deadline for supplementing infringement, invalidity, damages, and other contentions?

Protective Order

- Are there any reasons this case requires provisions that are not typical of the protective order generally entered in this Court's patent cases?

Motions to Dismiss/Transfer/Stay

- Have any of these motions been filed and/or does any party anticipate filing such a motion?

- Will the parties consent to magistrate judge jurisdiction at least for the limited purpose of resolving these motions?[1]

- Should discovery and other exchanges of information (e.g., Default Standards ¶ 4 disclosures) be stayed during pendency of these motions?

Motions for Summary Judgment

- Are there any motions that are potentially fully case dispositive – or that would be dispositive of such a significant portion of the case that its resolution would greatly enhance the likelihood of a cost-effective pre-trial disposition – and that the parties agree the Court should hear early?

- If the Court is to hear any early summary judgment motion, which, if any, other parts of the case should be stayed?

- If the Court is to hear any early summary judgment motion, what is the moving party going to give up (e.g., the opportunity to file a motion on the same subject matter later in the case)?

Other Matters

- Are any post-grant review procedures underway or planned that might affect the manner in which this case should proceed?

- Would the Plaintiff be willing to stipulate to a maximum damages figure in exchange for restrictive discovery and an accelerated trial date?

---

[1] The identity of any party or parties declining to consent should not be disclosed to the Court at any point, only the fact that there is not unanimous consent.

3

- How soon can this case be ready for alternative dispute resolution?

Scheduling

- Address each matter listed in the Revised Patent Form Scheduling Order and submit, along with this Checklist, a joint proposed scheduling order, clearly identifying points of disagreement.